UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY RINDAHL, | ) |
| | ) CIV. 11-04086 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DENNIS DAUGAARD, Governor, State of South Dakota; | ) |
| TIM REISCH, Sec. of Corrections; | ) |
| D.WEBER, Warden; | ) |
| DARYL SLYKHUIS, Deputy Warden; | )     REPORT and |
| D. YOUNG, Asst. Warden Annex Prison; | ) RECOMMENDATION |
| O. SPURRELL, Assc. Warden; | ) |
| T. PONTO, Assc. Warden; | ) |
| C. VAN VORNE, Senior Major; | ) |
| T. LINNIWEBER, Security Major; | ) |
| M. RODOSKY, Security Capt.; | ) |
| J. MILLER, Security Lt.; | ) |
| DITTMONSON, Section Manager; | ) |
| J. Spurrell, Health Care Manager; | ) |
| Sgt. WYNIA; | ) |
| Cpl. BROWN; | ) |
| UNKNOWN Health Service Worker; | ) |
| G. TAYLOR, Section Manager, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## BACKGROUND

Plaintiff, Randy Rindahl, is a prisoner at the South Dakota State Penitentiary (SDSP) in Sioux Falls South Dakota. Rindahl has filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983, alleging various deprivations of his civil rights by the above-named Defendants. Rindahl initially filed the instant lawsuit in the Eastern District of Wisconsin, but District Judge Rudolph Randa transferred the case to this district because venue was improper in the Eastern District of Wisconsin. *See* Doc. 12. Plaintiff wishes to proceed *in forma pauperis*. His complaint has been referred to the undersigned for "screening" pursuant to 28 U.S.C. § 1915(e) and 1915A.[1]

---

[1]28 U.S.C. § 1915(e)(2)(B)(ii) provides:
(2)Notwithstanding any filing fee, or any portion thereof that may have been paid, the court shall dismiss the case at any time if the court determines that –
    (B) the action or appeal–
     (i) is frivolous or malicious;
     (ii) fails to state a claim on which relief may be granted; or
     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915A provides in relevant part:
    (a) Screening.–The Court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;
        (2) seeks monetary relief from a defendant who is immune from such relief.

## DISCUSSION

### 1. Rindahl's Litigation History and Whether He has Sufficiently Alleged "Imminent Danger" for IFP Status

The Prison Litigation Reform Act provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added).

Rindahl is a frequent litigant in the District of South Dakota. He has been designated as a "three-strike" litigant who is ineligible for *in forma pauperis* status in the absence of a sufficient claim of imminent danger of serious physical harm. Rindahl's previous claims of imminent danger have been deemed inadequate or exaggerated.[2] Rindahl's lawsuits which have been dismissed upon "screening" pursuant to 28 U.S.C. § 1915(d) or §1915(e)(2)(B)(ii)[3] are summarized below:

1. *Rindahl v. Class*, Civ. 95-4207 (D.S.D.) Rindahl claimed the DOC failed to adequately enforce its own policies. Judge Jones dismissed the claim as frivolous pursuant to 28 U.S.C. § 1915(d). **Strike One**.

2. *Rindahl v. Class*, Civ. 96-4116 (D.S.D.) Rindahl claimed unacceptable conditions in the SHU (special housing unit). Judge Jones dismissed the claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(d). **Strike Two.**

3. *Rindahl v. Class,* Civ. 96-4117 (D.S.D.) Rindahl claimed false disciplinary reports were filed against him in retaliation for filing a religious rights lawsuit.

---

[2] *Rindahl v. Reisch*, Civ. 10-4004 (D.S.D.) (In forma pauperis status initially granted but later revoked based on Rindahl's misrepresentations to the Court; case dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)); *Rindahl v. Reisch*, 10-4156 (D.S.D.) (In forma pauperis status denied for failure to sufficiently allege imminent danger of serious physical harm).

[3] The former 28 U.S.C.§ 1915(d) became 28 U.S.C. § 1915(e) when the PRLA became effective in 1996. *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996).

>   Judge Jones dismissed the claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(d).  **Strike Three.**

4.  *Rindahl v. Webber*, Civ. 08-4041 (D.S.D.)  Rindahl claimed he was raped by a prison guard in 2003 and that the incident was never properly investigated by prison personnel.  Judge Battey initially denied IFP status because Rindahl failed to sufficiently allege imminent danger.  Judge Battey eventually allowed Rindahl to proceed IFP, but nevertheless ultimately dismissed the case for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  **Strike Four.**  The Eighth Circuit summarily affirmed Judge Battey's decision.

5.  *Rindahl v. Reisch*, Civ. 10-4004 (D.S.D.)  Rindahl claimed deliberate indifference to a serious medical need (inattention to prison doctor's recommendation that surgery may be necessary on his cervical spine).  Rindahl was initially granted IFP status based on his claims of imminent danger.  His IFP status was revoked based upon Rindahl's misrepresentations to the Court about the course of medical care given by prison medical personnel.  Rindahl's case was dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  **Strike Five.**  The Eighth Circuit denied IFP status on appeal.

In addition to the above cases which resulted in "strikes" for purposes of the PRLA, the following cases have been dismissed because Rindahl failed to pre-pay the filling fee, and failed to adequately allege imminent danger of serious physical harm (which would have allowed him to proceed in the absence of pre-payment, despite his "three-strike" status) pursuant to 28 U.S.C. § 1915(g):

6.  *Rindahl v. Webber*, Civ. 09-4084 (D.S.D.) Rindahl claimed deliberate indifference to a serious medical need.  He alleged inadequate recovery time related to a surgical procedure performed in 2007.  Judge Piersol denied IFP status because Rindahl failed to sufficiently allege imminent danger of serious physical harm.

7.  *Rindahl v. Reisch*, Civ. 09-4085 (D.S.D.)  Rindahl claimed Warden Weber and others did not properly follow prison policy in investigating a sexual assault allegedly perpetrated upon Rindahl at some unspecified time in the past. Judge Piersol denied IFP status because Rindahl failed to sufficiently allege imminent danger of serious physical harm.  Judge Piersol also noted the claims were duplicative of those which were then pending in Civ. 08-4081.

8.  *Rindahl v. Reisch*, Civ. 10-4156 (D.S.D.)  Rindahl alleged previous sexual assaults which were perpetrated upon him at the SDSP were not appropriately investigated by prison personnel.  Judge Schreier noted the Complaint was "nearly illegible" but nevertheless denied IFP status and dismissed the Complaint because Plaintiff failed to sufficiently allege imminent danger of serious physical harm. The Eighth Circuit denied Rindahl's application for IFP status on appeal and dismissed the case for failure to prosecute.

"The Prison Litigation Reform Act of 1996 enacted what is commonly referred to as the 'three strikes' provision, codified at 28 U.S.C. § 1915(g). This statute provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim may not proceed in a civil action *in forma pauperis* 'unless the prisoner is under imminent danger of serious physical injury.' The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding *in forma pauperis*." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Further, a complaint that makes "no allegation of ongoing danger, other than conclusory assertions that defendants [are] trying to kill [the plaintiff] by forcing him to work in extreme conditions despite his blood pressure condition" is insufficient to invoke the imminent danger exception. *Id.* Instead, specific allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury are necessary. *Id.*

An otherwise ineligible prisoner may proceed IFP only if he is in imminent danger *"at the time of filing." Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)(emphasis in original). Furthermore, "verbal threats and name calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). *See also, Smith v. Copeland*, 892 F.Supp.1218, 1230 (E.D.Mo. 1995) (gestures and abusive language alone are not actionable under § 1983); *Ellis v. Meade*, 887 F.Supp. 324, 329 (D. Me. 1995) (threatening language by guards does not generally violate prisoners' constitutional rights). Because verbal threats and abusive language are not actionable under § 1983, they likewise may not form the basis of an imminent danger exception to the "three strike" rule.

It is with these standards in mind that Rindahl's Complaint in this case has been reviewed to determine if he is eligible for *in forma pauperis* status under the imminent danger exception the "three strike" rule. Because Rindahl is a three strike litigant and this Complaint does not meet the imminent danger exception , this Complaint should be dismissed.

Rindahl's claims in this pending suit arise from incidents he alleges occurred as a result of his efforts to draw attention to his allegation that he was sexually assaulted by prison staff in 2003. Rindahl claims that on May 3, 2011 he approached Defendants Dittmonson and Ponto about the 2003 alleged assault and the alleged "death threats" he (Rindahl) received from other SDSP employees after filing a civil rights lawsuit in Wisconsin. He asserts Defendant Dittmonson "became irate and lost control" saying "what have you done to my ten year?" Rindahl also claims Dittmonson struck him with such force that he fell against the wall and then to the ground, causing head and back injuries. In support of this claim, Rindahl submits his own declaration (Doc. 1-1, page 22 of 28) and the declaration of Richard Masterson (Doc. 1-1, page 28 of 28).

Rindahl's allegations are at best conclusory and insufficient as in *Martin*, and fall far short of the specific allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury which are necessary to qualify for *in forma pauperis* status.

Verbal threats are insufficient to form a basis for imminent danger. The alleged incident involving Dittmonson, assuming Rindahl's allegations are true, is insufficient to show ongoing serious injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. On this basis, it is respectfully recommended to the District Court that Rindahl's motion for *in forma pauperis* status be DENIED and his case be dismissed.

### 2. Rule 11 Sanctions

One final matter must be addressed. During the careful review of Rindahl's papers to determine whether IFP status should be granted, the Court noticed a document filed by Rindahl and certified by him to be true and correct which appeared to have been altered or forged. Specifically, Rindahl attached to his Complaint (Doc. 1-1, page 28 of 28) the Declaration of Richard Masterson. The declaration was not in the same format as the other declarations attached to Rindahl's Complaint. The notary's signature line appeared to be hand-drawn, as were the notary's "commission

expires" and "place notary here" entries. Additionally, the handwriting displayed by Mr. Masterson's signature appears strikingly similar to Rindahl's very distinct handwriting. The original documents which were filed in the Eastern District of Wisconsin have been reviewed by the Court. A review of the original Masterson declaration raises an additional concern. Masterson's s notarized signature is written in pencil. It is obvious that on the line where Masterson's penciled signature appears, Rindahl's signature once appeared, but has been erased. Rindahl's initials, written in ink, have been eliminated with "white out."[4] All of these irregularities caused the Court some concern that Masterson's declaration may not be genuine. A show cause hearing was held on August 9, 2011 to determine whether the Masterson declaration is genuine. As a result of the evidence received during that hearing, the Court has determined Rindahl fabricated evidence submitted to the Court in a companion case, Rindahl v. Daugaard, Civ. 11-04082. Nevertheless, Defendants indicated during the August 9, 2011 show cause hearing that they do not contest the authenticity of the Masterson declaration.

>Fed. R. Civ. P. 11 provides in relevant part:
>
>**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>(1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>(2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing the existing law or establishing new law;
>(3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for investigation or discovery; and
>(4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>**(c) Sanctions.**

---

[4] It is customary for Rindahl to sign his declarations in pencil, but to initial in ink after the penciled signature. *See e.g.* Declaration of Randy Rindahl re: Taylor, Doc. 1-1, p. 25 of 28.

>    (1)    In general. If, after notice and a reasonable opportunity to respond, te court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rue or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

This fact dependent legal standard mandated by Rule 11 is an issue for the Court to decide. *Pope v. Federal Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992). If the Court finds a litigant has manufactured evidence and/or that perjured testimony has been introduced in an effort to enhance the case through fraudulent conduct, dismissal is an appropriate sanction. *Id.* "When a litigant's conduct abuses the judicial process, the Supreme Court has recognized dismissal of a lawsuit to be a remedy within the inherent power of the court." *Id. citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S.Ct. 2123, 2133, 115 L.Ed.3d 27 (1991).

In light of the Defendants' indication they do not contest the Masterson declaration, no Rule 11 sanctions will be imposed. The Court, however, retains grave concerns about the penciled Masterson signature and the erasures contained on the Masterson declaration. It is ORDERED that the entirety of the original file be maintained with the Clerk of Courts for review by the District Court and/or the Court of Appeals if necessary.

## CONCLUSION and RECOMMENDATION

For the reasons more fully explained above, it is respectfully RECOMMENDED to the District Court that Plaintiff's Motion for *in forma pauperis* status (Doc. 2) be DENIED and that Plaintiff's Complaint be DISMISSED, without prejudice subject to Plaintiff's pre-payment of the $350 filing fee.

Plaintiff, however, shall remain responsible for payment of the $350.00 filing fee. *In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

Dated this 11th day of August, 2011

BY THE COURT:

s/John E. Simko

_____

John E. Simko
United States Magistrate Judge