UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY RINDAHL, ) | Civ. 11-4086 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DENNIS DAUGAARD, Governor, State of ) | |
| South Dakota; ) | |
| TIM REISCH, Sec. of Corrections; ) | |
| D. WEBER, Warden; ) | |
| DARYL SLYKHUIS, Deputy Warden; ) | |
| D. YOUNG, Asst. Warden Annex Prison; ) | |
| O. SPURRELL, Assc. Warden; ) | ORDER |
| T. PONTO, Assc. Warden; ) | |
| C. VAN VORNE, Senior Major; ) | |
| T. LINNIWEBER, Security Major; ) | |
| M. RODOSKY, Security Capt.; ) | |
| J. MILLER, Security Lt.; ) | |
| DITTMONSON, Section Manager; ) | |
| J. SPURRELL, Health Care Manager; ) | |
| SGT. WYNIA; ) | |
| CPL. BROWN; ) | |
| UNKNOWN Health Service Worker; and ) | |
| G. TAYLOR, Section Manager, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Randy Rindahl, filed a 42 U.S.C. § 1983 action against defendants alleging that various defendants caused various harms to him during his continued incarceration at the South Dakota State Penitentiary (SDSP). While Rindahl initially filed this action in the Eastern District of Wisconsin, the case was transferred to this court because venue was improper in the Eastern District of Wisconsin but is proper in this District of South Dakota. Docket 19. Rindahl moves for leave to proceed in forma pauperis (IFP).

Docket 2. According to 28 U.S.C. § 1915A, the court must screen each prisoner case to determine if it should proceed IFP. This court referred the initial screening to Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Simko recommended that this court dismiss Rindahl's complaint without prejudice because Rindahl is a three-strikes litigant who failed to sufficiently allege imminent danger of serious harm as required by 28 U.S.C. § 1915(g). Rindahl objects to the findings in the Report and Recommendation. Dockets 38, 40.[1] Defendants have not objected to the Report and Recommendation but have responded to Rindahl's objections. Docket 39.

## STANDARD OF REVIEW

In considering a magistrate judge's recommendation on a dispositive matter, such as dismissing a complaint, a district court must make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A de novo review requires a district court to make its own determination of any disputed issue. *United States v. Portmann*, 207 F.3d 1032, 1033 (8th Cir. 2000). Additionally, when a party objects to the factual findings of a magistrate judge, the district court must make its own de novo determination of the facts with no

---

[1] Docket 38 contains Rindahl's handwritten objections. Docket 40 contains substantially similar objections in typewritten format. Rindahl has submitted only one memorandum in support of his objections, Docket 41, and a number of declarations. Dockets 42, 43, 44, 45.

deference to the magistrate judge's findings. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court has conducted a de novo review of the record. For the reasons explained below, the court adopts the Report and Recommendation in its entirety.

## DISCUSSION

I.  **IFP Objections**

  A.  **Objection Number One**

In objection number one, Rindahl disputes Magistrate Judge Simko's calculation of his strikes pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g) (emphasis added). Section 1915(g), commonly referred to as the "three strikes" provision, "does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding *in forma pauperis*." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

"Imminent danger of serious physical injury" requires the prisoner to make specific allegations of an ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Id.* The prisoner must be in imminent danger "**at the time of filing**." *Ashley v.*

3

*Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) . . . .").

Rindahl has a substantial litigation history. Magistrate Judge Simko determined that Rindahl has five strikes under § 1915. After reviewing Rindahl's litigation history, the court agrees that Rindahl has **at least** five strikes.

First, in *Rindahl v. Class et al.*, Civ. 95-4207 (D.S.D. 1995), Rindahl alleged that the South Dakota Department of Corrections (DOC) failed to adequately enforce its own policies. The court dismissed that action as frivolous pursuant to § 1915(d), Civ. 95-4207, Dockets 5, 6, which counts as Rindahl's first strike. *See* § 1915(g) (stating that a dismissal as frivolous is a strike). Second, in *Rindahl v. Class et al.*, Civ. 96-4116 (D.S.D. 1996), Rindahl claimed that his conditions in the special housing unit were unacceptable. The court dismissed that action for failure to state a claim upon which relief may be granted pursuant to § 1915(d), Civ. 96-4116, Dockets 5, 6, which is Rindahl's second strike.

Third, in *Rindahl v. Class et al.*, Civ. 96-4117, Rindahl claimed that prison officials filed disciplinary reports against him in retaliation for filing a religious rights lawsuit. That action was dismissed for failure to state a claim upon which relief may be granted pursuant to § 1915(d), Civ. 96-4117, Dockets 5, 6, which constitutes Rindahl's third strike. Fourth, in *Rindahl v. Weber et al.*, Civ. 08-4041 (D.S.D. 2008), Rindahl claimed that he was sexually assaulted by a prison

guard in 2003 and that prison personnel did not properly investigate the matter. While Rindahl initially proceeded IFP, the case was later dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Civ. 08-4041, Docket 152, and, thus, was Rindahl's fourth strike. The Eighth Circuit summarily affirmed the dismissal. Civ. 08-4041, Docket 246.

Fifth, in *Rindahl v. Reisch*, Civ. 10-4004 (D.S.D. 2010), Rindahl claimed that prison officials were deliberately indifferent to his medical needs. Even though Rindahl was a "three-strike" litigant, the court initially granted Rindahl IFP status. Docket 84 at 1. The court later revoked that IFP status based upon ***Rindahl's misrepresentations*** regarding his medical care. The court dismissed that case for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Civ. 10-4004, Docket 84, which was Rindahl's fifth strike. The Eighth Circuit denied IFP status on appeal. Civ. 10-4004, Docket 91.

Beyond these five strikes, Rindahl has initiated three other lawsuits in this district that were dismissed because Rindahl failed to prepay the filing fee and was unable to allege imminent danger of serious physical harm. *See Rindahl v. Weber*, Civ. 09-4084 (D.S.D. 2009); *Rindahl v. Reisch*, Civ. 09-4085 (D.S.D. 2009); and *Rindahl v. Reisch*, Civ. 10-4156 (D.S.D. 2010). He currently has numerous suits pending in this court. *See Rindahl v. Daugaard et al.*, Civ. 11-4085 (D.S.D. 2011); *Rindahl v. Daugaard et al.*, Civ. 11-4130 (D.S.D. 2011); and

*Rindahl v. Daugaard et al.*, Civ. 11-4131 (D.S.D. 2011). In addition, Rindahl filed an action in the Eastern District of Wisconsin, which was transferred to this jurisdiction, *Rindahl v. Daugaard et al.*, Civ. 11-4082 (D.S.D. 2011), which was dismissed with prejudice as a Rule 11 sanction because Rindahl prepared and filed fraudulent documents in the case.

After reviewing the record de novo, the court adopts Magistrate Judge Simko's recommendation that Rindahl has **at least** five strikes for purposes of § 1915(g). Thus, Rindahl's objection number one is overruled.

### B.     Objections Number Two, Three, and Four

Because Rindahl is a three-strikes litigant, he must show a threat of imminent danger in order to proceed IFP in this action. § 1915(g). Magistrate Judge Simko reviewed Rindahl's complaint and determined that Rindahl has not met this threshold showing. Rindahl makes three objections to the Report and Recommendation's analysis of his IFP status.

In order for a three-strikes litigant to proceed IFP, the complaint must do more than make conclusory assertions that plaintiff is in imminent danger of physical harm. *Martin*, 319 F.3d at 1050. Instead, the plaintiff must make specific allegations of an ongoing serious physical injury **or** allege a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Id.* This imminent danger must be clear at the time the plaintiff files the complaint. *Id.* ("[T]he exception focuses on the risk that the conduct complained of

6

threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct.").

"Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." *King v. Olmsted Cnty.*, 117 F.3d 1065, 1067 (8th Cir. 1997) (citing *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)). In order for a threat to be "an actionable constitutional violation," the threat must be "so brutal or wantonly cruel as to shock the conscience," or "the threat exerts coercive pressure on the plaintiff and the plaintiff suffers the deprivation of a constitutional right." *Id.* (internal citations omitted).

For example, gestures and abusive language alone are not actionable under § 1983. *Smith v. Copeland*, 892 F. Supp. 1218, 1230 (E.D. Mo. 1995) (citing *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)). Threatening language from prison officials also does not generally violate a prisoner's rights. *Ellis v. Meade*, 887 F. Supp. 324, 329 (D. Me. 1995); *see also Coyle v. Hughs*, 436 F. Supp. 591, 593 (W.D. Okla.1977) ("Mere threatening language and gestures of a custodial officer do not . . . amount to constitutional violations."); *Bolden v. Mandel*, 385 F. Supp. 761, 764 (D. Md. 1974) (holding verbal abuse and threats of bodily harm not actionable under § 1983; "Were a prisoner . . . entitled to a jury trial each time that he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits . . . ."). *But see Burton v. Livingston*, 791 F.2d 97, 99, 100-01 (8th Cir. 1986) (reasoning that a prison

guard's threatening words, without more, do not invade a federally protected right, but such words do so when a guard "terrorized . . . [the prisoner] with threats of death").

In his second objection, Rindahl disputes the Report and Recommendation's analysis of his claims. Rindahl claims that he has alleged a pattern of misconduct by defendants that existed from his alleged sexual assault in 2003. But the court only looks to potential injuries that are pending at the time Rindahl filed his complaint. *Ashley*, 147 F.3d at 717.

Rindahl alleges that when he approached defendants on May 3, 2011, to discuss the 2003 sexual assault incident, Dittmonson and Ponto made death threats[2] against him. Dittmonson allegedly became "irate and lost control stating: 'What are you trying to do to my ten year . . . .'" Docket 1 at ¶¶ 21-23. These same essential facts support Rindahl's First Amendment retaliation, Fifth Amendment due process, Eighth Amendment excessive force, and Fourteenth Amendment equal protection claims.

The threats by Dittmonson and Ponto, as alleged by Rindahl, do not rise to an actionable level for purposes of § 1983 because threatening language, without a specific threat of bodily injury that causes terror to the prisoner, is insufficient to sustain a § 1983 claim. *See King*, 117 F.3d at 106. Moreover, these threats

---

[2] The death threats allegedly include Wynia stating "someone should have him murdered," to which Brown responded "did anyone hear that" on May 3, 2011. Docket 1-1 at 24. On May 8, 2011, Brown allegedly stated to inmate Fred Sealey, "your [sic] going to end up dead," in reference to Rindahl. Docket 1-1 at 24.

were isolated incidents and Rindahl has not shown that the threats constitute an ongoing serious physical injury or a pattern of misconduct involving death threats. *See Martin*, 319 F.3d at 1080. Thus, Rindahl's objection number two is without merit.

Rindahl further contends that Dittmonson struck him with a closed fist, which caused him to fall to the ground. Docket 1 at ¶ 23. Rindahl claims that he received insufficient medical treatment after being struck by Dittmonson and that defendants failed to properly investigate the incident. Docket 1 at ¶¶ 25-30. In his objection number four, Rindahl claims that Magistrate Judge Simko did not appropriately discuss defendants' failure to investigate his claim. The evidence submitted by Rindahl, however, directly contradicts Rindahl's objection number four. Rindahl filed an administrative remedy request to Weber. Weber, in reviewing this administrative remedy request, questioned Wynia and Brown about the incident. Docket 1-1 at 4. According to Weber, Wynia and Brown made no threats against Rindahl and never used the word "murder" toward Rindahl. Docket 1-1 at 4. The Report and Recommendation reviewed all of Rindahl's filings in this action and appropriately considered defendants' responses to Rindahl's administrative remedy request.

Regarding the alleged assault by Dittmonson, the only evidence to support Rindahl's claims are his declarations, Docket 1-1 at 22-28, inmate Richard Masterson's declaration, Docket 1-1 at 28, and a nursing assessment dated **December 16, 2010** (seven months after the alleged assault), stating that the

9

right side of Rindahl's head was swollen. Docket 1-1 at 20. Without evidence of an assault, Rindahl's claims that Dittmonson assaulted him are conclusory. Furthermore, a single assault does not show an ongoing serious physical injury or a pattern of misconduct that would indicate Rindahl is in imminent danger of serious physical injury. Thus, objection number four is overruled.

In objection number three, Rindahl argues that the burden of proof on his Eighth Amendment claim is less stringent than the standard articulated in the Report and Recommendation. Rindahl's objection is unfounded. The Report and Recommendation never discussed an Eighth Amendment burden of proof. Even if Rindahl is correct about his burden of proof, he has still failed to show either that there was an ongoing injury or a pattern of misconduct. Rindahl's objection number three is overruled.

After completing a de novo review of Rindahl's IFP status, the court agrees with Magistrate Judge Simko's recommendation that Rindahl cannot proceed IFP in this action and, thus, adopts the Report and Recommendation's analysis of Rindahl's IFP status. Accordingly, Rindahl's objections number two, three, and four are overruled.

## II.   Rule 11

After raising concerns about evidence in a companion case, *Rindahl v. Daugaard et al.*, Civ. 11-4082, Magistrate Judge Simko held a show cause hearing on August 9, 2011, to determine if evidence in Civ. 11-4082 had been fabricated. During that hearing, Magistrate Judge Simko raised concerns about

Masterson's affidavit that Rindahl submitted in this case. Defendants did not contest the authenticity of Masterson's affidavit.

The Report and Recommendation found that the notary's signature line, "my commission expires," and "place notary here" portions of the Masterson affidavit were hand-drawn. Magistrate Judge Simko further found that Rindahl's signature on Masterson's affidavit was erased, Rindahl's initials written in ink were eliminated with "white out," and Masterson's name was signed in handwriting similar to Rindahl's distinctive handwriting. Because defendants did not contest the Masterson affidavit, Magistrate Judge Simko did not impose Rule 11 sanctions but retained "grave concerns" about the authenticity of Masterson's affidavit and recommended that the Clerk of Courts maintain the original documents in this file.

While Rindahl filed a "brief in support of memorandum of law to Judge Simko's rule 11 sanctions," Docket 41, this filing contests the August 9, 2011, evidentiary hearing for documents in Civ. 11-4082 and does not address the Masterson affidavit. Rindahl's brief contains no objections pertinent to this action. After conducting a de novo review of the Report and Recommendation's Rule 11 analysis, the court agrees that the Masterson affidavit was fabricated. The court also agrees that the Clerk of Courts must maintain the original documents in this action for review by the appellate court if necessary. Accordingly, it is

11

ORDERED that the Report and Recommendation of Magistrate Judge Simko (Docket 35) is accepted in all respects.

IT IS FURTHER ORDERED that plaintiff's objections to the Report and Recommendation (Dockets 38 and 40) are overruled.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is denied. Plaintiff's complaint (Docket 1) is dismissed without prejudice and may be refiled if accompanied by the entire $350 filing fee.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 4), motion for temporary restraining order (Docket 6), and motion to change venue (Docket 20) are denied as moot.

Dated September 29, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE